UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DERRON DeROUIN,                          )
                                         )
                    *Plaintiff*,          )
                                         )
        v.                               )        Civil Action No. 26‑1087 (UNA)
                                         )
NATIONAL AERONAUTICS AND SPACE           )
ADMINISTRATION, *et al*.,                 )
                                         )
                    *Defendants*.         )

## MEMORANDUM OPINION

Derron DeRouin, proceeding pro se, asks this Court for emergency injunctive relief related to the launch of the Artemis II Space Launch System rocket from the Kennedy Space Center in Brevard County, Florida, scheduled for 6:24 PM today—April 1, 2026. Mot. 1–2, ECF No. 3. Specifically, Mr. DeRouin alleges that the launch violates the National Environmental Policy Act, the Clean Air Act, and the Clean Water Act. Compl. 1, ECF No. 1. And he asks for an order (1) delaying the Artemis II launch for at least 30 days, (2) directing the National Aeronautics and Space Administration to issue a public health advisory and to monitor air quality in the area, and (3) closing public beaches, parks and outdoor recreational areas in the area until such time as test results demonstrate that public health no longer is at risk. Mot. 10-11. The Court has reviewed Mr. DeRouin's application to proceed *in forma pauperis*, Appl., ECF No. 2, his pro se Complaint, Compl., ECF No. 1, and his Motion for Temporary Restraining Order and Preliminary Injunction, Mot., ECF No. 3. Because Mr. DeRouin has made a requisite showing of indigency, the Court grants his application to proceed *in forma pauperis*. But because he has not alleged irreparable harms that he—as opposed to others—faces from the scheduled launch, the Court may not grant a temporary restraining order or preliminary injunction.

1

First, the Court grants Mr. DeRouin's application to proceed *in forma pauperis*. Appl. The *in forma pauperis* statute, 28 U.S.C. § 1915, authorizes a court to permit a person who is either indigent or without assets "to initiate a civil case without paying filing fees." *Rogler v. U.S. Dep't of Health & Hum. Servs.*, 620 F. Supp. 2d 123, 128 (D.D.C. 2009). "Whether to permit or deny an application to proceed in forma pauperis is within the sound discretion of the Court." *Lin v. District of Columbia*, No. 16-cv-645, 2020 WL 7695973, at *1 (D.D.C. Dec. 28, 2020). In making this determination, "[c]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Id.* (cleaned up). Here, Mr. DeRouin does not have an employer but makes commissions of about $345 per month through sales of an unknown product. Appl. 1. He lacks any assets of "significant value" and has a checking account balance of "$45.30." *Id.* at 2. Based on these facts, the Court grants Mr. DeRouin's application to proceed *in forma pauperis* because he is unlikely to be able to "pay or give security for the costs and still be able to provide for the necessities of life" in these financial circumstances. *Lin*, 2020 WL 7695973, at *1 (cleaned up).

Second, the Court denies Mr. DeRouin's Motion for Temporary Restraining Order and Preliminary Injunction. Mot. A temporary restraining order is an "extraordinary and drastic remedy," *Drs. for Am. v. Off. of Pers. Mgmt.*, 766 F. Supp. 3d 39, 47 (D.D.C. 2025) (cleaned up), that a court may grant only when the moving party "by a clear showing, carries the burden of persuasion," *Postal Police Off. Ass'n v. U.S. Postal Serv.*, 502 F. Supp. 3d 411, 418 (D.D.C. 2020) (cleaned up). To obtain a temporary restraining order, the moving party must establish: (1) a substantial likelihood of success on the merits; (2) that irreparable injury would result without court intervention; (3) that such an order would not substantially injure other interested parties; and (4) that such an order furthers the public interest. *See Sibley v. Obama*, 810 F. Supp. 2d 309,

310 (D.D.C. 2011). But a Court "cannot issue a [temporary restraining order] . . . without clear evidence of imminent, irreparable harm to th[e] Plaintiff[]." *New Mexico v. Musk*, 769 F. Supp. 3d 1, 7 (D.D.C. 2025). If a plaintiff fails to make a showing of irreparable harm, "the Court may deny the motion without considering the other factors." *Williams v. Walsh*, 619 F. Supp. 3d 48, 62 (D.D.C. 2022) (cleaned up).

Although Mr. DeRouin brings this action on behalf of himself and others "similarly situated," Compl. 1; Mot. 1, the Court starts by stressing that "[a]bstract harm that might befall unnamed third parties does not satisfy the irreparable harm requirement" for temporary or preliminary relief. *Church v. Biden*, 573 F. Supp. 3d 118, 146 (D.D.C. 2021). For the Court to grant a temporary restraining order or preliminary injunction, Mr. DeRouin must "specifically connect [any] potential harms" he complains of to a "part[y] before the Court," that is, himself. *Id.*[1] Mr. Derouin's motion largely focuses on potential irreparable injuries "to the health and safety of pregnant women, developing fetuses, children, and elderly individuals who will be exposed— without notice or warning—to a toxic exhaust plume containing known endocrine disruptors, respiratory irritants, and carcinogenic metal particulates." Mot. 9. But he fails to connect any of these harms to himself.

For instance, Mr. DeRouin alleges that the Artemis II launch will result in the release of chemicals, Compl. 5, deemed particularly hazardous to the health of pregnant women, children under 5 years of age, elderly persons over 65 years of age, and persons with respiratory and thyroid conditions, Mot. at 2-5, 9. According to Mr. DeRouin, notwithstanding the Kennedy Space

---

[1] *See also Alcresta Therapeutics, Inc. v. Azar*, 318 F. Supp. 3d 321, 326 (D.D.C. 2018) ("[I]njuries to third parties are not a basis to find irreparable harm."); *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203, 213 (D.D.C. 2012) (finding no irreparable harm where the plaintiff "shows irreparable harm not to [the plaintiff], but to third parties").

Center's proximity to tens of thousands of permanent residents and visitors to local attractions such as the Walt Disney World Resort, *id*. at 4-5, the Defendants failed to conduct adequate studies on the environmental impact of the launch, *id*. at 5, and the launch's potential impact on nearby populations, *id*. at 5-7. But Mr. DeRouin does not allege that he resides within a 75-mile radius of the Kennedy Space Center, or that he is otherwise a member of a "vulnerable population" that will be directly affected by the launch. *See* Mot. 1 (noting the motion was brought, in part, "on behalf of . . . vulnerable populations within a 75-mile radius of Kennedy Space Center Launch Complex").[2] Indeed, Mr. DeRouin is a resident of Madison, Mississippi—a state far removed from the Artemis II launch site in Brevard County, Florida. Compl. 1, 4. And Mr. DeRouin does not suggest that he has a condition or impairment that places him within the group of individuals who might be affected by the launch. *See generally* Mot.; Compl. Mr. DeRouin does not allege that he is an elderly person to whom toxic chemicals released through the launch poses a health risk, or that he suffers a respiratory ailment likely to be exacerbated if Artemis II were to launch on schedule. *Id.* Thus, Mr. DeRouin fails to identify irreparably harm "connected specifically to" his own situation as opposed to that of others. *Church*, 573 F. Supp. 3d at 146.

Because Mr. DeRouin has failed to demonstrate a likelihood of irreparable harm to himself, the Court does not have the authority to grant a temporary restraining order or preliminary injunction. Mot., ECF No. 3; *see Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) ("A movant's failure to show any irreparable harm is therefore grounds for

---

[2] To the extent one could construe Mr. DeRouin's Complaint as seeking to redress generalized ozone depletion or other similar environmental harms suffered by anyone in the world, Compl. 5, the Court may not hear those claims because "[a] generalized grievance brought on behalf of the public at large" may not be the basis for an individual suit in federal court under Article III of the Constitution. *Rogers v. Fed. Bureau of Prisons*, No. 93-5409, 1994 WL 549598, at *1 (D.C. Cir. Sept. 26, 1994) (per curiam).

refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief."); *Musk*, 769 F. Supp. 3d at 7 (holding a temporary restraining order cannot be granted without showing of irreparable harm).

Accordingly, the Court grants the Motion for Leave to Proceed *in forma pauperis*, ECF. No. 2, and denies the Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 3. A separate order will issue.

/s/

SPARKLE L. SOOKNANAN
United States District Judge

Date:   April 1, 2026

5